PER CURIAM:
Claimant brought this action for damages to her vehicle and for personal injury damages as a result of an accident that occurred when her 1989 Oldsmobile Cutlass Supreme struck concrete pillars set up by respondent on the Philippi Pike near East View in Harrison County. This claim was heard on the issue of liability only. The Philippi Pike is a road maintained by respondent. The Court is of the opinion to deny an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 3:30 p.m. on October 6, 2005. Claimant testified that she was driving on the Philippi Pike towards Anmoore when her vehicle struck a concrete barrier which was placed in the center of the road. The concrete pillar served as a barricade to cover a fourteen (14) foot hole on a project site where the gas and water company were moving two gas lines and a water line. Claimant testified that when she saw a jeep traveling towards her, she lost
control of the car and swerved into the concrete barricade to avoid hitting the oncoming jeep. After hitting the concrete block, her car spun around until it finally came to rest in the parking lot of a towing company located adjacent to the project site.
The position of the respondent is that there were warning signs properly placed around the
work site where claimant’s accident occurred. Respondent’s maintenance record for the installation of work signs indicates that two “roadmen ahead” signs, two “shoulder work ahead” signs, and “two “flagger” signs were installed at the project site. Mr. Larry Burgess, foreman for respondent, testified that the purpose of the cement barrier was to prevent vehicles from falling into the fourteen (14) foot hole and to protect workmen from being injured.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of tíre safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that the respondent had actual notice of the cement barricade that claimant’s vehicle struck and that it took all the necessary actions to protect the safety of the traveling public by properly placing signs in each direction. Respondent’s maintenance record for the installation of work signs indicates that a total of six signs were placed in the area of the accident. In addition, lights and flags were installed on the signs. Further, the accident report completed by the *52 Harrison County Sheriffs Department indicates that claimant failed to maintain control of her vehicle. Consequently, there is insufficient evidence of negligence on the part of respondent upon which to justify an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim. Claim disallowed.